**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 15 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DAVID BRYAN WILLIAMS,

      Defendant - Appellant.

Nos. 02-5175, 02-5176, 02-5177,
02-5178, 02-5184
(D.C. Nos. 87-CR-174-C,
87-CR-175-C, 87-CR-176-C,
88-CR-53-C, 87-CR-68-C)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

David Bryan Williams pled guilty to various charges of bank fraud, one

charge of making a false statement to a bank, and one charge of bail jumping, and

was sentenced to consecutive terms of imprisonment totaling eighteen years. He

now appeals his convictions and sentence. We exercise jurisdiction pursuant to

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

18 U.S.C. § 3742(a) and 28 U.S.C. § 1291,[1] affirm the conviction, and dismiss Williams's claim of ineffective assistance of counsel.

In 1987, Williams was indicted on several federal bank-fraud charges under 18 U.S.C. § 1344 and one charge of making a false statement to a bank under 18 U.S.C. § 1014, stemming from acts committed in three different states. By agreement, the cases were consolidated for plea and sentencing in the Northern District of Oklahoma. Williams pled guilty to all counts, but failed to appear for sentencing, and was subsequently indicted for bail jumping in violation of 18 U.S.C. § 3146(a)(1). After spending fourteen years as a fugitive, Williams was arrested in 2002, and pled guilty to the bail-jumping charge. Williams was sentenced to five years in each bank-fraud case, two years in the false-statement case, and one year in the bail-jumping case, with all sentences to be imposed consecutively.[2] Williams now appeals each conviction and sentence, and we consolidate the five appeals for review.

On appeal, counsel for Williams filed an <u>Anders</u> brief and moved to withdraw as counsel. <u>See</u> <u>Anders v. California</u>, 386 U.S. 738, 744 (1967)

---

[1] In his response to the government's answer brief, Williams contends that the district court lacked jurisdiction over his case. We hold that the district court properly exercised jurisdiction under 18 U.S.C. § 3231 and Federal Rule of Criminal Procedure 20.

[2] Because the bank-fraud charges were brought prior to the effective date of the Sentencing Guidelines, the district court applied the Guidelines only to the bail-jumping case.

(permitting counsel who considers an appeal to be wholly frivolous to advise the court of that fact, request permission to withdraw from the case, and submit a brief referring to portions of the record that arguably support the appeal). In the Anders brief, counsel stated that he found no error in the district court's imposition of Williams's various sentences, and he accordingly referred to no portion of the record that might support Williams's appeals.

As is his right, Williams filed a response to the Anders brief. Williams contends that (1) he received ineffective assistance of counsel and (2) his guilty pleas were not knowing and voluntary. As to Williams's first claim, we have held that "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal." United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). We see no reason to depart from this general rule. Id. at 1241 ("[T]here is only a slight chance that we will forego the development of a factual record or at least an opinion by the district court on the subject in the first instance."). As to Williams's second claim, we note that the district court addressed Williams in open court and explained to him the nature of the charges against him as well as the possible penalty he might face, to ensure that Williams's decision to plead guilty was voluntary. See Fed. R. Crim. P. 11 (discussing facts that must be disclosed to the defendant to ensure that his plea is

voluntary). Williams's claim that he was somehow tricked into pleading guilty lacks merit.

We have fully examined the proceedings as required by <u>Anders</u>, 386 U.S. at 744, and conclude that these appeals are wholly frivolous. We see no issues in this case that might properly be the subject of an appeal. Accordingly, counsel's motion to withdraw is **GRANTED**, and Williams's conviction is **AFFIRMED**. Williams's claim of ineffective assistance of counsel is **DISMISSED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge